**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v. CRIMINAL ACTION NO. 3:25-00138

WAYNE ROBERT RUMMEL

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Early Release filed by Defendant Wayne Rummel. ECF No. 27. For the reasons stated herein, Defendant's Motion for Early Release is **DENIED**.

## I. BACKGROUND

On August 18, 2025, Defendant was charged in a one-count Information with bankruptcy fraud in violation of 18 U.S.C. § 152(8). *Info.*, ECF No. 1. Defendant pleaded guilty to the Information on September 8, 2025. *Plea*, ECF No. 16. He was later sentenced on January 5, 2026, to a term of 36 months of probation. *Sent'g*, ECF No. 22. He has now served approximately 7.5 months of his 36 months of probation. Defendant now seeks release from the remainder of his term of probation, because he wishes to re-enter service in the Air National Guard. *Mot.*, ECF No. 27. He asserts that he must do so before his next birthday, which is next month. *Id.*

## II. LEGAL STANDARD

"The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time **after the expiration of one year of probation in the case of a**

**felony**, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c) (emphasis added).

The relevant § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the ability of the sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to promote respect for the law, and to provide just punishment; the need to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Scales*, No. 5:23-CR-00167, 2026 WL 1724437, at *1 (S.D.W. Va. June 15, 2026) (citing 18 U.S.C. § 3553(a)).

A district court's ruling on a motion to terminate probation will not be set aside unless the court abuses its discretion. *United States v. Buck*, 173 F. App x 239, 240 (4th Cir. 2006); *see also United States v. Hartley*, 34 F.4th 919, 928 (10th Cir. 2022).

## III. DISCUSSION

A term of probation previously ordered may only be terminated "after the expiration of one year of probation in the case of a felony." 18 U.S.C. § 3564(c). Here, Defendant has only served 7.5 months of his 36 months of probation. Hence, any motion for early release at this juncture is premature and must be denied. Even if Defendant had served 12 months of probation, Defendant has also failed to address why the relevant § 3553(a) factors support early termination of Defendant's term of probation. As such, the Court sees no reason to reconsider its findings on the relevant § 3553(a) factors made during sentencing. *See Sent'g*, ECF No. 22.

Accordingly, Defendant's Motion for early release is DENIED without further inquiry by the Court into Defendant's eligibility status for the Air National Guard. However, even assuming Defendant is correct about his pending ineligibility for the Air National Guard, it is not uncommon

for a felony conviction and probation status to preclude some employment opportunities. That preclusion is a consequence of Defendant's crime.

## IV. CONCLUSION

For the above stated reasons, Defendant's Motion for Early Release is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: August 21, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE